IN THE UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| MATTHEW BRADLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-CV-52 |
| HAMBLEN COUNTY SHERIFF'S OFFICE, et al., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

On November 7, 2025, Plaintiff filed a Motion for Leave to Amend Complaint[1] requesting permission to amend the complaint in this matter to add Heath Bradley and DeLaney Denkins as defendants "because motions filed in response to [his] Original Complaint state that these two parties haven't been named as Defendants in this litigation." [Doc. 43, p. 1-2]. Plaintiff also stated that the amendment "is necessary to ensure complete relief and fully resolve the claims arising out of the transactions and occurrences set forth in the Original Complaint." *Id.* at p. 1. Defendants Hamblen County Sheriff's Office, Officer Kevin Tate, Hamblen County Circuit Court Clerk Teresa West, Judge Doug Collins, and Officer Clayton Lawson ("Hamblen County Defendants" hereinafter "Defendants")[2] filed a response in opposition asserting that Plaintiff's Motion should be denied on multiple grounds, including undue delay, repeated failure to cure, prejudice, and futility. [Doc. 44]. Additionally, Defendants assert that Plaintiff was aware of the identities of Heather Bradley and

---

[1] Plaintiff filed an Amended Complaint [Doc. 7] as of right on April 7, 2025. Plaintiff then filed a second Amended Complaint on April 28, 2025 [Doc. 16] without leave of the court or Defendants' written consent. Plaintiff then filed a Motion to Leave to Amend Complaint [Doc. 35] on June 27, 2025, that was denied without prejudice. [Doc. 39].

[2] District Attorney Dan Armstrong, Assistant District Attorney Connie Trobaugh, and the Hamblen County District Attorney's Office ("State Defendants") are also named as defendants in this matter. The State Defendants did not file a response to the instant motion.

DeLaney Denkins and their roles in the events giving rise to Plaintiff's complaint when he filed his initial complaint on March 28, 2025. *Id.* at p. 3-5. For the reasons stated herein, Plaintiff's Motion [Doc. 43] is **DENIED**.

I. BACKGROUND

On March 28, 2025, Plaintiff filed his original Complaint [Doc. 1], alleging that Defendants had violated his Fourth and Fourteenth Amendment rights, as well as asserting § 1983 claims. Plaintiff has since filed a First Amended Complaint [Doc. 7], and a Second Amended Complaint [Doc. 16], which have added claims that Plaintiff's Sixth Amendment rights were violated, that Defendants engaged in a conspiracy to violate his rights under 18 U.S.C. § 241, and that Defendants violated his "Brady" rights, in addition to asserting new state law claims that Defendants engaged in a conspiracy and maliciously prosecuted him. Plaintiff subsequently filed a Motion for Leave to Amend Complaint [Doc. 35] and Amended Motion for Leave to Amend [Doc. 37] with a Proposed Third Amended Complaint [Doc. 37-1][3] requesting leave to further amend his complaint to add new factual allegations and causes of action. That motion was denied [Doc. 39] because the Court found the amendment would be futile since the additional facts that Plaintiff proposed to add neither substantively supported his previously asserted legal claims nor the new claims he sought to add.

Plaintiff now seeks leave of the Court to amend his complaint once again. In doing so, Plaintiff provides no argument in support of his request to amend his complaint aside from a bare-bones assertion that the amendment is necessary to fully resolve his claims and ensure "complete relief," nor does he provide any explanation for why the newly named defendants could not have been named in previous versions of his complaint. Moreover, Plaintiff does not directly assert any claims against the defendants he now wishes to add to this litigation.[4]

---

[3] This Motion superseded Plaintiff's previously filed Motion to Amend Complaint [Doc. 35], which was denied as moot.
[4] Plaintiff's Proposed Fourth Amended Complaint [Doc. 43-1] alleges that "Defendants Hamblen County Sheriff's Office, Officer Kevin Tate, Officer Clayton Lawson, Hamblen County District Attorney's Office, District Attorney Dan

In response to Plaintiff's Motion, Defendants assert that while Plaintiff's Motion acknowledges the amendment standard of Federal Rule of Civil Procedure 15(a)(2) it does not attempt to substantively address or overcome it. [Doc. 44]. More specifically, Defendants argue that Plaintiff's proposed amendments are futile because they fail to address the immunity issues raised in their pending Motion to Dismiss Second Amended Complaint. [Docs. 31 and 32] and that they are prejudicial because permitting Plaintiff's amendment would delay the resolution of threshold immunity issues and cause Defendants to incur the unnecessary expense of responding to yet another amended complaint. [Doc. 44, p. 3]. *Id.* (citing Doc. 38, p. 4).[5] Defendants also request that Plaintiff not be permitted to request further amendments to the pleadings until the pending Motion to Dismiss [Doc. 31] is resolved.

## II.  ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure permits the amendment of a pleading within 21 days of service or thereafter with the opposing party's written consent or leave of the court. Leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Motions for leave to amend are routinely granted based on the principle that cases should be tried on the merits rather than procedural technicalities. *Inge v. Rock Fin. Corp.*, 338 F.3d 930, 936 (6th Cir. 2004). A trial court has broad discretion to determine whether leave to amend a pleading should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). At the same time, amendment is not appropriate in instances of bad faith,

---

Armstrong, Judge Doug Collins, Hamblen County Court Clerk's Office, and Teresa West" violated Plaintiff's constitutional rights and engaged in malicious prosecution of Plaintiff. The Causes of Action section of the Proposed Fourth Amended Complaint also asserts a claim against Assistant District Attorney Connie Trobaugh. However, nowhere in the Proposed Fourth Amended Complaint does Plaintiff assert any claims against Heather Bradley or DeLaney Denkins.

[5] The document Defendants references asserts that Plaintiff previously acknowledged to counsel that the immunity issues identified by Defendants could not be addressed through an amended pleading [Doc. 38, p. 2] and references a Certificate of Conference Pursuant to Order. [Doc. 31]. However, this pleading [Doc. 31] merely states that "the parties were unable to agree that the pleading is curable by permissible amendment" and, as such, the Court declines to find that Plaintiff previously agreed that the issues raised in their Motions to Dismiss were incapable of being cured through amended pleadings.

undue delay, repeated failure to cure deficiencies by amendments previously allowed, or where the amendment would cause undue prejudice to the opposing party, or the amendment is futile. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

As an initial matter, the Court notes that the Proposed Fourth Amended Complaint [Doc. 43-1] Plaintiff filed in conjunction with his Motion [Doc. 43] is nearly identical to the Proposed Third Amended Complaint [Doc. 37-1] that Plaintiff was previously denied leave to file. As such, there are numerous factual allegations and causes of action included in the Proposed Fourth Amended Complaint that are not found in Plaintiff's Second Amended Complaint [Doc. 16] though Plaintiff makes no mention of them in his Motion [Doc. 43]. The Court has already denied Plaintiff's request to include many of these additional factual allegations and causes of action, finding that permitting them to be added would be futile. [Doc. 39]. As such, the Court will not re-analyze the same proposed amendments here and will address only what it has not previously, i.e., Plaintiff's request to amend to add Heath Bradley and DeLaney Denkins as defendants.

In assessing Plaintiff's request, the Court must first consider whether the proposed pleading would be futile. The Court undertakes this analysis because "[a]lthough such motions are commonly granted, a motion to amend a complaint should nevertheless 'be denied if the amendment ... would be futile.'" *Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 633 (6th Cir. 2009) (quoting *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995)). Here, Plaintiff's complaint fails to assert any claims for relief against either proposed new defendant. The Proposed Fourth Amended Complaint includes a cause of action section which enumerates six separate claims Plaintiff wishes to assert. However, none of these claims are directly asserted against Heather Bradley or DeLaney Denkins. Additionally,

Plaintiff asserts his claims are being brought pursuant to § 1983 which permits claims against state actors and Plaintiff has not alleged that Heather Bradley or DeLaney Denkins are state actors.[6] Thus, Plaintiff's Motion for Leave to Amend [Doc. 43] must be **DENIED**.

Having made this determination, the Court now turns to Defendants' request that Plaintiff be prevented from requesting further amendments to the pleadings in this cause pending the District Court's ruling on Defendants' pending Motion to Dismiss [Doc. 19].[7] While the denial of this Motion to Amend [Doc. 43] and Plaintiff's previous Motion to Amend [Doc. 37] should be taken by Plaintiff as a strong indication that additional amendment is unlikely to be permitted at this juncture, the Court finds that a blanket prohibition on requesting to amend would be overly broad.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend Complaint [Doc. 43] is **DENIED**. Additionally, Defendants' request for a blanket injunction against Plaintiff requesting further amendments pending the District Court's ruling on their pending motion to dismiss is also **DENIED**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[6] The Court recognizes that private parties may be subject to suit under § 1983 when "their actions so approximated state action that they are subject to liability under §1983." *S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 564 (6th Cir. 2007). Here, Plaintiff has not alleged any facts upon which the Court could conclude that the actions of either Heather Bradley or DeLaney Denkins meets this standard.

[7] Defendants request this relief in their Response in Opposition [Doc. 44] to Plaintiff's presently pending request to amend.